**Sybil DUNCAN**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

Civ. A. No. 74–232.

United States District Court,
W. D. Virginia,
Abingdon Division.

March 29, 1975.

---

MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff is appealing the final decision of the Secretary of Health, Education and Welfare denying her claim for widow's benefits under the Federal Coal Mine Health and Safety Act of 1969 as amended, 30 *U.S.C.* Sec. 901 *et seq.* The only issue before the court is whether the Secretary's decision is supported by substantial evidence.

Mr. Duncan worked about thirty-two years in the nation's underground coal mines. During his later years he complained of shortness of breath, chest pains and headaches, but he never missed work even when he was feeling poorly.

On September 9, 1971, while working in the mine, Mr. Duncan suffered a severe occipital headache associated with left facial pain. He entered the hospital on September 14, 1971, and died a month later. The cause of death was listed as "bilateral cerebral infarcts, extensive subarachnoid hemorrhage, ruptured aneurysm-left vertebral artery".

The medical evidence shows that Mr. Duncan had a respiratory disorder, but the evidence is conflicting as to its severity. However, the latest x-ray, taken shortly before the miner's death, shows pneumoconiosis ½ p.

Also, Dr. William Hanison performed an autopsy on Mr. Duncan. Examination of the lungs showed diffuse emphysema which was especially visible in the apical portions of both lungs. Considerable anthracotic pigment was present throughout giving the lungs a blackened appearance. Abundant anthracotic pigment also produced complete blackening of the pulmonary hilar lymph nodes. A *1 cm. firm circumscribed nodule* was located in the left lung. Super-imposed acute bronchial pneumonia was present in the right lung. Furthermore, the doctor opined that the significant anthracosis and emphysema were compatible with exposure to coal dust.

---

William H. Robinson, Smith, Robinson & Vinyard, Abingdon, Va., for plaintiff.

Paul R. Thompson, Jr., Asst. U. S. Atty., Roanoke, Va., for defendant.

Dr. Bradley King, a specialist in pathology and a consultant to the Social Security Administration, performed a study of the autopsy report. In his initial analysis, Dr. King concluded that the autopsy report was "not specific enough to rule out the possibility of pneumoconiosis". He then obtained lung slides from the hospital and after further study listed diagnoses of:

(1) Bronchopneumonia, focal and confluent, acute with early abscess formation;

(2) Thrombo-embolus, focal, without evidence of infarction;

(3) Chronic obstructive lung disease with mixed centrilobular and panlobular emphysema, mild;

(4) Anthracotic pigmentation, focal without evidence of pneumoconiosis.

Dr. King also commented that the amount of dust in the miner's lungs was relatively mild and in no way consistent with pneumoconiosis.

 In order to meet the eligibility requirements for widow's benefits, plaintiff must establish that she is the widow of a miner, was dependent upon him at the time of his death, has not remarried, and has filed a claim for benefits in accordance with the regulations. Thereafter, she must establish that either the miner died of pneumoconiosis or that he was totally disabled by pneumoconiosis at his death.

Under 20 *C.F.R.* Sec. 410.490(b), a miner will be presumed to have been totally disabled due to pneumoconiosis at the time of his death or his death will be presumed to be due to pneumoconiosis if an x-ray, biopsy or autopsy establishes the existence of pneumoconiosis. For x-rays, sub-category 1/0 is accepted as evidence of pneumoconiosis. Mr. Duncan's latest x-rays (½ p) definitely showed pneumoconiosis. Also, in his autopsy report, the prosecutor concluded that the significant anthracosis and emphysema found in the lungs was compatible with exposure to coal dust; however, he did not specifically mention pneumoconiosis. Even the administration's consultant noted the presence of a chronic obstructive lung disease.

The court is of the opinion that the positive x-ray and autopsy report (detailed as required by 20 *C.F.R.* Sec. 410.428), together with the miner's thirty-two years coal mine employment, entitle the plaintiff to the Sec. 410.490(b) presumption that the miner was totally disabled due to pneumoconiosis at the time of his death. Under Sec. 410.490(c), the Secretary may rebut the presumption by showing that the individual was in fact doing his usual coal mine work or comparable gainful work. Since the Secretary could not rebut the presumption, the court is constrained to reverse the Secretary's decision and remand the case for the payment of benefits.